IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. AP-76,236




EX PARTE CARL WAYNE BUNTION, Applicant




ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE
NO. 588227-B IN THE 178TH JUDICIAL DISTRICT COURT
HARRIS COUNTY




           Per Curium. 

O P I N I O N

           On January 24, 1991, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant’s conviction and sentence on direct appeal. Buntion v. State, No. AP-71,238 (Tex.
Crim. App. May 31, 1995) (not designated for publication). Applicant filed his initial
application for a writ of habeas corpus with the convicting court on October 21, 1996. The
convicting court entered its findings and recommended denying relief on September 29,
2003. This Court adopted those findings and denied relief. Ex parte Buntion, WR -22,548-02 (Tex. Crim. App. Nov. 5, 2003).
           In a single allegation in this subsequent application, applicant alleges that he is
entitled to relief from his death sentence because he presented significant mitigating evidence
related to his moral culpability and the appropriateness of a death sentence which could not
have been given full effect by the sentencing jury. See Penry v. Johnson (“Penry II”), 532
U.S. 782 (2001). This Court has reviewed the application and determined that the it satisfies
the requirements of Article 11.071 § 5.
           At trial, defense counsel requested an instruction on mitigation in the form of a special
issue that was denied. Ultimately, the jury received the following special issues:
 
Was the conduct of the defendant, Carl Wayne Buntion, that caused the death
of the deceased committed deliberately and with the reasonable expectation
that the death of the deceased or another would result?
 
Is there a probability that the defendant, Carl Wayne Buntion, would commit
criminal acts of violence that would constitute a continuing threat to society?
The jury was also charged:
You are instructed that when you deliberate on the questions posed in the
special issues, you are to consider all relevant mitigating circumstances, if any,
supported by the evidence presented in both phases of trial, whether presented
by the State or the defendant. A mitigating circumstance may include, but is
not limited to, any aspect of the defendant’s character, background, record, or
circumstances of the crime which you believe could make a death sentence
inappropriate in this case. If you find that there are any mitigating
circumstances in this case, you must decide how much weight they deserve,
and thereafter, give effect and consideration to them in assessing the
defendant’s personal culpability, at the time you answer the special issue. If
you determine, when giving effect to the mitigation evidence, if any, that a life
sentence, as reflected by a negative finding to the issue under consideration,
rather than a death sentence, is an appropriate response to the personal
culpability of the defendant, then a negative finding should be given to one of
the special issues, regardless of what the jury found the answers to the special
issue should be.

The nullification instruction given to applicant’s jury is nearly identical to the instruction that
was at issue in Penry II. See Penry, 532 U.S. at 790 (“If you determine, when giving effect
to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to
the issue under consideration, rather than a death sentence, is an appropriate response to the
personal culpability of the defendant, a negative finding should be given to one of the special
issues.”).
           The mitigating evidence presented by applicant is the sort of evidence that this Court
has said is not encompassed within the previous statutory special issues. The jury was
presented with evidence that applicant had a troubled childhood in a “very bad
neighborhood,” was severely physically mistreated by his alcoholic father, and ran away from
home to work on a dairy farm for room and board because his family was very poor. Two
psychologists testified that applicant suffered from “primary paranoid personality disorder,”
mild “brain dysfunction” or “neurological impairment,” and depression. This evidence is that
type of evidence for which the jury did not have a vehicle to give meaningful consideration. 
See Ex parte Martinez, 233 S.W.3d 319, 320 (Tex. Crim. App. 2007) (multiple
hospitalizations in state psychiatric facilities, abuse of alcohol at a young age, troubled
childhood); see also Ex parte Moreno, 245 S.W.3d 419, 422 (Tex. Crim. App. 2008)
(troubled childhood).
           The nullification instruction given to applicant’s jury was not a sufficient vehicle to
allow jurors to give meaningful effect to the mitigating evidence presented by applicant. 
Because the mitigating evidence presented at applicant’s trial is the type of evidence for
which he was entitled to a separate vehicle for consideration, we remand the case to the trial
court for a new punishment hearing.
 
Delivered: September 30, 2009
Do Not Publish